UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1444-DMG (JEMx)** | Date | November 8, 2021 |
| Title | ***Orlando Garcia v. J and B Property Holdings No. 2, LLC, et al.*** | Page | 1 of 2 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS'** ***EX PARTE*** **APPLICATION TO DISMISS CASE [64]**

On September 23, 2021, the Court denied Defendants' Motion for Summary Judgment ("MSJ Order"). [Doc. # 55.] The factual and procedural background of this case is set out in the MSJ Order. In the MSJ Order, the Court noted that Defendants had remedied the majority of the potential violations of the Americans with Disabilities Act ("ADA") alleged by Plaintiff. The Court denied summary judgment, however, because a triable issue of fact remained as to whether the front door handle at Defendants' property required "tight grasping." Door handles that require tight grasping violate the ADA.

On October 29, 2021, Defendants filed an *ex parte* application to dismiss this case. [Doc. # 64.] Defendants have installed a new door handle at El Barato, which their California Certified Access Specialist states complies with the ADA. *See* Chung Decl. at ¶¶ 4-5 [Doc. # 64-5]. Because the Court found in its MSJ Order that the non-compliant door handle was the only remaining barrier to access, Defendants argue this case is moot and should be dismissed.

On November 1, 2021, Plaintiff filed an opposition to Defendants' *ex parte*. [Doc. # 66.] Plaintiff argues, first, that seeking *ex parte* relief on the eve of trial is inappropriate and, second, that his case is not moot because Defendants might rearrange their shelves in order to revert to their previous, non-ADA-compliant store layout—that is, his case is not moot as to a different alleged ADA violation than the one at issue in the Court's MSJ Order. Plaintiff concedes that Defendants have remedied the alleged door handle violation.

As to the appropriateness of seeking *ex parte* relief, the Court disagrees with Plaintiff. If a case has become moot, the Court is "required to dismiss it." *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997). Proceeding to trial in order to resolve an issue that is no longer live would violate the requirement of an Article III case or controversy and squander not only scarce judicial resources but the parties' resources as well. If Defendants had not raised this issue of

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 20-1444-DMG (JEMx) | Date | November 8, 2021 |
|---|---|---|---|
| Title | *Orlando Garcia v. J and B Property Holdings No. 2, LLC, et al.* | Page | 2 of 2 |

mootness by way of an *ex parte* application, the Court would have invited a motion to that effect at the final pretrial conference.

    The issues in this case are no longer live. In its Order re Defendants' MSJ, the Court found that Garcia's claims as to the aisle widths and counter height at El Barato were moot, and those claims therefore are dismissed. [Doc. # 55 at 5.] The Court denied Defendants' MSJ only as to the alleged door handle violation, which the parties agree has now been remedied. The Court therefore **GRANTS** Defendants' *ex parte* application for dismissal of this action, in its entirety, on the ground that the sole remaining claim has become moot. All dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**